CITY COURT OF NEW YORK — GENERAL TERM, FEBRUARY, 1897.

EDWARD JOHNSON, Respondent, v. WILLIAM R. MAXWELL, Appellant.

APPEAL from a judgment in favor of plaintiff entered upon a verdict.

W. E. Benjamin, for appellant.

John L. Brower, for respondent.

MCCARTHY, J.　This is in effect an action for assault and battery.

The complaint is, indeed, imperfect and indefinite and ought to be amended at the Special Term.

It sets up portions of three distinct causes of action — one for conversion, one for slander, and one for assault.

The rule is that where a complaint sets forth two or more causes of action, the statements of facts constituting each cause of action should be separate and numbered under section 483 of the Code of Civil Procedure, and then only certain causes can be united. Code Civ. Pro., § 484.

It appears, however, that the case was tried as an action for assault, and evidence being given as to what occurred at the time which presented facts showing both the alleged conversion and the slander.

At the conclusion of the judge's charge the defendant's counsel asked the court to charge as follows: " That the jury cannot award any damages for anything beyond the assault alleged to have been committed.

" The Court.— I shall charge the jury that in arriving at a verdict for damages, if they do so arrive, that they take into consideration the fact of the slander and the conversion of the property at this time, and determine the whole damage as to the wrong charged against this defendant.

" Defendant excepts to the refusal to charge as requested, and also to the charge as made."

Also to charge the jury that the " defendant had a right to insist that the plaintiff should vacate his store, and that if he refused to go upon request, and then he only used such force as was

necessary to put him out, that the defendant would not be liable for any assault."

"The Court.— I shall refuse to charge as requested, and shall leave the whole question as to the ejection of this plaintiff from that store to the jury upon all the evidence before them.

"Defendant excepts."

This was error (Comstock v. Dodge, 43 How. Pr. 97; Bristor v. Burr, 120 N. Y. 427-431), and for which the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS and CONLAN, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.